```
                    United States District Court
                      District of Massachusetts
```

| | |
|---|---|
| **Spruce Environmental Technologies, Inc.,** ) ) ) ) Plaintiff, ) ) v. ) ) **Festa Radon Technologies, Co.,** ) ) Defendant. ) ) | Civil Action No. 18-11828-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This suit arises from a dispute as to the validity of an arbitration award. While Spruce Environmental Technologies, Inc. ("Spruce" or "plaintiff") moves to confirm the award, Festa Radon Technologies, Co. ("Festa" or "defendant") moves to vacate it on grounds that 1) the arbitration was improperly conducted and 2) the award was not justified.

**I. Background**

The parties to this suit have engaged in protracted litigation over crossclaims that 1) Festa perpetuated a false advertisement campaign about Spruce and its products and 2) Spruce engaged in commercial disparagement pursuant to the Lanham Act, 15 U.S.C. § 1125(a), and M.G.L. c. 93A. In October, 2015, the parties agreed to mediation before retired Massachusetts Superior Court Judge Nancy Holtz ("Judge Holtz" or

"the arbitrator") of Judicial Arbitration and Mediation Services, Inc. ("JAMS").

Attempts to mediate were unsuccessful and the parties entered into an Arbitration Agreement in April, 2017. That agreement specifically named Judge Holtz, who had attempted to mediate the dispute, as the arbitrator. In May, 2017, eight months before the arbitration commenced, the parties entered into a stipulation, which among other things, required counsel to affirm that upon informed consent, the parties agreed to the mediation-arbitration ("med-arb") process whereby the mediator (Judge Holtz) was authorized to serve as the arbitrator.

Judge Holtz conducted a four-day arbitration hearing during January and February of 2018, without objection from counsel as to any of the med-arb proceedings. Shortly after the end of the hearing, Judge Holtz issued an Interim Award which found for Spruce on all federal and state claims and counterclaims. Following the Interim Award, Judge Holtz allowed the parties to submit supplemental briefing in light of her finding that Spruce was entitled to attorneys' fees and costs under the Lanham Act. She then issued a Final Award with respect to fees and costs.

Spruce moved for this Court to confirm the Final Award. Festa did not oppose that motion but, instead, filed a motion to vacate the award. Those conflicting motions are pending.

**II.  Legal Analysis**

    A. **Valid Arbitration Agreement**

        1. **Applicable Law**

Festa argues that the stipulation entered into by the parties violates Massachusetts public policy because of the Commonwealth's applicable mediation privilege statute, M.G.L. c. 233, § 23C.  That argument presumes that the mediation privilege represents a general policy concern that cannot be waived. Beacon Hill Civic Ass'n v. Ristorante Toscano, Inc., 662 N.E.2d 1015, 1018–19 (Mass. 1996) (finding that certain general policy concerns protected by the legislature are not waivable).

This Court does not doubt Festa's contention that the mediation privilege embodies important policies of confidentiality and neutrality but none of its cited cases supports its claim that the mediation privilege, as codified by § 23C, represents a non-waivable right. Cf. Leary v. Geoghan, No. 2002-J-0435, 2002 WL 32140255, at *3 (Mass. App. Ct. Aug. 5, 2002) (precluding the mediator from testifying about the mediation even with party consent because it conflicts with the "plain intent" of the statute to preserve neutrality); Town of Clinton v. Geological Servs. Corp., No. 04-0462A, 2006 WL 3246464, at *3 (Mass. Super. Nov. 8, 2006) (denying the production of mediation documents in a valid med-arb proceeding).

In fact, some Massachusetts courts have suggested that the privilege is waivable. See Bobick v. United States Fid. & Guar., Co., 790 N.E.2d 653, 658 n.11 (Mass. 2003) (noting that the party "implicitly" waived the mediation privilege under § 23C by accusing the defendant of failing to make a reasonable settlement offer); ZVI Const. Co., LLC v. Levy, 60 N.E.3d 368, 375 (Mass. App. Ct. 2016) (rejecting a fraud exception to the mediation privilege on the grounds that counsel specifically negotiated a confidentiality agreement that was broader than the Massachusetts mediation statute). Given the paucity of case law on this issue, Festa's claim that § 23C confers a non-waivable "absolute privilege" is dubious.

Notwithstanding the dearth of Massachusetts case law on this issue, this Court agrees with Spruce that in a case arising out of a federal question, as alleged here, federal common law controls the existence and application of evidentiary privilege. Fed. R. Evid. 501; In re Admin. Subpoena Blue Cross Blue Shield of Massachusetts, Inc., 400 F. Supp. 2d 386, 391 (D. Mass. 2005). Recently, another session of this Court and several district courts elsewhere have recognized the federal mediation privilege, consistent with the holding of the Supreme Court in Jaffree v. Redmond, 518 U.S. 1 (1996). See ACQIS, LLC v. EMC Corp., 2017 U.S. Dist. LEXIS 100856, at *3 (concluding that

there was "no reason to depart from the conclusions of [other] district courts that a federal mediation privilege exists").

While the contours of the federal mediation privilege have not been firmly established, federal courts have also implied that the privilege can be waived. See Sheldone v. Pennsylvania Turnpike Comm'n, 104 F. Supp. 511, 516-17 (W.D. Pa. 2000) (finding that a party had not waived its mediation privilege by putting the mediation communications at issue); Folb v. Motion Picture Indus. Pension & Health Plans, 16 F. Supp. 2d 1164, 1180 (C.D. Ca. 1998) (finding that the mediation privilege had not been waived because there was no "intentional relinquishment of a known right").  Accordingly, the Court will assess whether Festa knowingly waived the mediation privilege by entering into the stipulation.

### 2. Waiver

Festa contends that it did not waive the mediation privilege and therefore the arbitration itself was invalid. That argument is unavailing because this Court finds that Festa intentionally relinquished and abandoned its mediation privilege. Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (holding that waiver requires an "intentional relinquishment or abandonment of a known right or privilege").

Here, the Arbitration Agreement and subsequent stipulation explicitly acknowledge that the parties, with informed consent,

agreed to the med-arb proceedings before Judge Holtz. Specifically, the Arbitration Agreement provides that the parties 1) consent to resolving the dispute through binding arbitration before Judge Holtz, 2) agree that her decision will be binding and 3) approve her authority to issue injunctive relief, attorneys fees and costs.  At the time counsel signed the Arbitration Agreement, the parties had been in mediation with Judge Holtz for at least one month.  Festa, a sophisticated corporate party, represented by competent counsel, cannot plausibly claim a lack of informed consent because counsel knew or should have known of the risks of the med-arb process.

In any event, Festa's concerns about an alleged lack of informed consent are vitiated by the stipulation that was signed prior to arbitration.  The stipulation provides that counsel specifically 1) request Judge Holtz to "conduct an arbitration in an action previously mediated by Judge Holtz", 2) recognize that ex parte communications occurred during mediation and 3) confirm that without "consent of the parties and counsel" the combined med-arb process could not proceed.  Because the stipulation explicitly states that the med-arb will only proceed with

> a knowing waiver of the parties' right to have the arbitrator's decision solely on information received in the presence of each other,

counsel knowingly waived the mediation privilege.

To the extent Festa suggests that the stipulation is ambiguous as to non-ex parte communications, the stipulation further provides that the parties

> waive any defect in the procedure and the right to oppose confirmation or to seek vacatur[] of any award rendered by the neutral. . . .

Accordingly, the Court finds that the parties were fully informed of the risks of the med-arb process (to which counsel attested in the stipulation) and waived the mediation privilege. The Court therefore declines to vacate the arbitration award on the alleged grounds that the arbitration was improperly convened in the first place.

**B. Vacatur of Award**

**1. Legal Standard**

Festa, in the alternative, moves this Court to vacate and/or modify the arbitration award pursuant to the Federal Arbitration Act ("the FAA"), 9 U.S.C. § 10(a) and the doctrine of manifest disregard of the law.

The Court's review of an arbitration award "is extremely narrow and exceedingly deferential". Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc., 852 F.3d 36, 47–48 (1st Cir. 2017) (internal citations omitted). Upon review under the FAA, "courts do not sit to hear claims of factual or legal error by an arbitrator" and such limited review applies "[e]ven where such error is painfully clear". Id.

Moreover, the claimant carries the burden of establishing that the award should be set aside and the grounds for vacating an award under § 10 include only the following exceptions:

1) where the award was procured by corruption, fraud, or undue means;

2) where there was evident partiality or corruption in the arbitrators, or either of them;

3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

**2. JAMS Rules**

Festa submits that Judge Holtz violated JAMS rules which govern the arbitration proceeding and, as a consequence, this Court must vacate the Final Award. The Court declines to do so under any of the noted exceptions for the following reasons.

JAMS Rule 22(f) provides that an arbitrator shall not admit into the record or consider prior settlement offers by the parties unless an applicable law permits the admission of such evidence. In her Final Award, Judge Holtz notes that Spruce was willing to accept a preliminary settlement offer but that Festa, in response, brought a counterclaim.

Judge Holtz's finding that Spruce's request for fees was reasonable was made in the context of Festa's overall pattern of conduct, which included the decision by Festa to prosecute counterclaims.  Her passing reference to the prior settlement offer is not grounds for vacatur.  Moreover, it is clear that Festa's settlement posture at mediation was maintained throughout the arbitration because it did not curtail its allegedly false and disparaging advertising campaign, including its "Dare to Compare" advertisement.  As such, the Court finds that Judge Holtz did not exceed her authority based on a passing reference taken out of context.

JAMS Rule 24(a) provides that an arbitrator shall render a final award or a partial final award within 30 calendar days after the "close of the hearing".  The parties' final post-hearing briefs, which marked the close of the hearing, were submitted on March 19, 2018.  Judge Holtz issued her Interim Award 31 days later.  The parties, upon invitation, then submitted supplemental briefing on fees and costs on or about June 1, 2018.  Judge Holtz issued the Final Award on July 24, 2018.  The Court finds that Judge Holtz did not overstep her authority by exceeding the time limits set forth in the JAMS rules.  Not only was the initial one-day delay negligible but the subsequent delay, after the submission of supplemental briefs, was warranted under Rule 24, which provides that an

extension to render the Award may be allowed for "good cause". Considering the repeated extensions that Festa requested and received throughout the arbitration, its argument that this Court should mechanically apply JAMS timing rules, without any indication of harm, prejudice or bad faith on the part of Judge Holtz, is disingenuous and therefore rejected.

### 3. Fees and Costs

Festa contends that Judge Holtz exceeded her authority and manifestly disregarded the Lanham Act (the governing law) in awarding attorneys' fees to Spruce.  Both the Supreme Court and the First Circuit have cast doubt on the doctrine of "manifest disregard of the law" as grounds for vacatur, suggesting that the doctrine deserves only "judicial gloss". Mountain Valley Prop., Inc. v. Applied Risk Servs., Inc., 863 F.3d 90, 94 (1st Cir. 2017).  Nevertheless, the First Circuit has not explicitly disavowed the doctrine and the Court will consider it.  Under the doctrine of manifest disregard, the Court must consider whether the award was 1) unfounded in reason and fact, 2) based on reasoning so "palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling", or 3) mistakenly based on a crucial assumption that is concededly a non-fact. Id. at 95.

The Lanham Act provides that a court may award reasonable attorneys' fees to the prevailing party in "exceptional cases".

15 U.S.C. § 1117(a).  Those "exceptional cases" include circumstances where the acts of infringement were malicious, fraudulent, deliberate or willful, or when "equitable considerations justify such awards". Tamko Roofing Prod., Inc. v. Ideal Roofing Co., 282 F.3d 23, 31 (1st Cir. 2002) (internal citations and quotations omitted).

Here, the arbitrator found in favor of Spruce on all federal and state claims and counterclaims.  She concluded that Festa's actions created "exceptional circumstances" based on 1) Festa's knowledge and use of a factually inaccurate photograph and 2) Festa's continued marketing campaign even after it was permanently enjoined and Spruce no longer used the photograph as part of its campaign.  The Court agrees with plaintiff that the "exceptional circumstances" in this case were related to Festa's underlying misconduct that sought to harm Spruce's business and thus Judge Holtz's refusal to separate fees incurred with respect to the claims from those related to the counterclaims was appropriate.

Moreover, Spruce contends that it never asserted that the Lanham Act claims amounted to 25% of counsel's time spent in litigation.  Thus, because Judge Holtz's findings of "exceptional circumstances" relate to all of Festa's conduct, her award is not 1) unfounded in reason and fact, 2) so "palpably faulty" or 3) based on a mistaken crucial assumption.

Accordingly, even under Festa's tenuous manifest disregard of law claim, it has failed to meet its burden.

Festa further contests the arbitrator's refusal to reduce fees based on tangible issues that were not litigated during the arbitration. Not only does Spruce dispute Festa's argument that those issues ("Made in USA" advertising, "Energy Star" certification and "HVI" listing) were resolved prior to arbitration but also Judge Holtz found that Festa's entire marketing strategy centered on destroying Spruce's market share which encompassed those peripheral issues. Thus, in accordance with the exceedingly deferential standard afforded to the arbitrator, the Court affirms Judge Holtz's finding that those secondary issues arose during the course of the arbitration.

Moreover, the Court is convinced that Spruce's petition for fees, which included a motion for damages that was subsequently denied, required legal work. Specifically, it included Spruce's effort to vindicate its rights and defend against a counterclaim as evidenced by Judge Holtz's discussion of the legal arguments Spruce advanced in its fee petition for damages.

Finally, Festa's argument that Judge Holtz proffered no basis for awarding fees is unavailing. <u>Advest, Inc.</u> v. <u>McCarthy</u>, 914 F.2d 6, 11 (1st Cir. 1990) (finding that just because the arbitration panel chose a remedy "in the realm of what a judge might decide, [the reviewing court] cannot object

to it", for "[t]here is often more than one satisfactory method for ascertaining the quantum of damages").  As discussed previously, Judge Holtz in her Interim and Final Awards fully explained her reasons for finding exceptional circumstances under the Lanham Act and her decisions to award fees.  As such, Festa's motion to vacate and/or modify the award, including attorneys' fees, will be denied.

### ORDER

For the foregoing reasons, the plaintiff's motion to confirm the arbitration award (Docket No. 2) is **ALLOWED**, and defendant's motion to vacate (Docket No. 22) is **DENIED.**

**So ordered.**

_/s/ Nathaniel M. Gorton____<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated March 30, 2019